IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HYON KIM, | ) Civil Action No. |
| Plaintiff, | ) |
|  | ) JURY TRIAL DEMANDED |
| v. | ) |
|  | ) |
| FRIENDS TEK, LLC, | ) |
|  | ) |
| Defendant. | ) |
| _____ | ) |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Hyon Kim ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Friends Tek, LLC ("Defendant") under the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, 5801 Goshen Springs Rd., Ste. E, Norcross, Georgia 30071.

## **FACTUAL ALLEGATIONS**

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

7.

Plaintiff began his employment with Defendant in January 2019 as a field technician.

8.

At the time I was interviewed for the position, the owner, Tong "Tony" Bae asked if Plaintiff suffered from any medical conditions and Plaintiff informed him of his previous open-heart surgery.

9.

On or about March 30, 2020, Plaintiff had two of the symptoms associated with COVID-19. Due to his symptoms, Plaintiff cancelled his vacation and asked Bae for an additional week off in case he had the virus. In mid-April, Plaintiff was not comfortable returning to work because of COVID-19 and his health issues, which put him at greater risk, and Defendant approved Plaintiff to be out until mid-May 2020.

10.

During the first week of May 2020, Plaintiff received a call from his co-worker, Ken, who informed Plaintiff that Mr. Bae had instructed Ken to let Plaintiff know he was laid off because of his health issues.  The next day, Plaintiff went to speak to Bae in person about what he was told and asked to return to work. Bae told me Plaintiff he was not allowed to return to work because of his medical condition.

11.

Plaintiff has suffered from a disability, specifically coronary heart disease. At all times relevant, Defendant had knowledge of Plaintiff's disability. Additionally, Defendant "regarded" Plaintiff as disabled.

12.

Defendant terminated Plaintiff's employment because of his disability or perceived disability.

13.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

# CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

## (ADA DISCRIMINATION)

14.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

15.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

16.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

17.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

18.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

19.

Plaintiff's disability of perceived disability was a determinative factor in Defendant's decision to terminate Plaintiff.

20.

At all times relevant, Plaintiff could perform the essential functions of his position with, or without a reasonable accommodations.

21.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

22.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of his disability or perceived disability, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

23.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

24.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

This 16th day of October, 2020.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Severin@justiceatwork.com